UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DETRICK JOHNSON, | |
| Plaintiff, | |
| v. | No. 3:25 CV 650 |
| ALLEN COUNTY POLICE DEPARTMENT, *et al.*, | |
| Defendants. | |

## OPINION and ORDER

Detrick Johnson, a prisoner without counsel, filed a complaint under 42 U.S.C. § 1983.[1] (DE # 2.) Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Johnson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] Johnson did not pay the initial partial filing fee assessed in August 2025. (*See* DE # 7.) In view of his recent letter (DE # 8), it appears he is unlikely to be able to pay it in the near future. The case will proceed to screening, but Johnson is reminded that he remains obligated to pay the full filing fee over time in accordance with 28 U.S.C. § 1915(b).

Johnson is incarcerated at Westville Correctional Facility. He sues the "Allen County Police Department," former Indiana Department of Correction (IDOC) Commissioner Robert E. Carter, Fort Wayne's Chief of Police, and Fort Wayne Police Officer Newell (first name unknown). The complaint is difficult to follow. As best as can be discerned, he claims Officer Newell twice frequented a sandwich shop where he was working and greeted him by name. It appears the two were acquainted through Johnson's prior interactions with police. Officer Newell allegedly laughed and made a joke about him being a "drug dealer," which he found offensive. During another incident, Officer Newell was allegedly responding to a call near Johnson's home when he saw Johnson and his wife standing in front of their house. The officer allegedly came over and said to Johnson, "You're the one who was found with all that fentanyl."

Johnson additionally claims there is a "Code of Silence" among judges, prosecutors, and police to violate the rights of citizens of Fort Wayne and to ensure "that the not guilty get found guilty." His allegations are difficult to parse, but he mentions *Miranda* violations, forced plea agreements, unduly long sentences, falsification of documents, and other alleged improprieties. He seeks $1.5 million in damages and other relief.

Although Johnson does not provide details about his criminal history, public records give additional context to his claims. In 2023, he was charged with dealing in narcotics in Allen County.[2] *State v. Johnson,* No. 02D04-2310-F2-000060 (Allen Sup. Ct.

---

[2] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

closed Mar. 21, 2025). The charges were filed after Johnson made an emergency call to police stating that his wife had been shot inside their home. *Id.* When police responded, they discovered fentanyl, a digital scale, and other evidence of drug-trafficking. *Id.* (probable cause affidavit dated Oct. 10, 2023). While Johnson was out on bond in the drug-dealing case, he incurred another conviction for driving on a suspended license.[3] *State v. Johnson*, No. 02D04-2503-CM-001004 (Allen Sup. Ct. closed Apr. 16, 2025). He was subsequently convicted of the drug-dealing offense and sentenced to a term of four years in prison, which he is currently serving. *Id.* He also has prior convictions for carrying a handgun without a license and traffic-related offenses. *State v. Johnson*, No. 02D05-2006-F5-000211 (Allen Sup. Ct. closed Dec. 2, 2020); *State v. Johnson*, No. 02D04-0210-CM-008173 (Allen Sup. Ct. closed June 9, 2020); *State v. Johnson*, No. 02D04-0210-CM-007592 (Allen Sup. Ct. closed June 9, 2020).

Johnson cannot challenge a state conviction or obtain release from custody in an action brought under 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Such relief, to the extent it is available to him, can only be sought through the federal habeas corpus statute. 28 U.S.C. § 2254. Johnson also cannot pursue a claim for damages in this civil suit based on a theory that any of his outstanding convictions are "false" or invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting

---

[3] It appears his interactions with Officer Newell occurred while he was out on bond in the drug-dealing case.

the conviction set aside"). His allegations about wrongful convictions, unduly long sentences, *Miranda* violations, and other alleged improprieties during the course of his criminal proceedings fall into this category.

A claim against police pertaining to wrongdoing that occurred during an arrest would not necessarily be barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). However, Johnson's broad accusations about unnamed police officers falsifying warrants, without more, is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim). He has a complex criminal history, and it is not clear from his allegations what warrant he is referring to or what within it was false. The actions he attributes to Officer Newell, though perhaps unprofessional, do not allege a plausible Fourth Amendment claim.[4]

Johnson appears to be suing the high-ranking officials because of their positions. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, however, and these officials cannot be held liable simply because they supervise (or supervised) employees of the state or county. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). There is no plausible basis to infer that a former IDOC Commissioner or a police chief

---

[4] He may be trying to assert a claim for reputational injury against Officer Newell. "It is well-settled that an individual has no cognizable liberty interest in his reputation; consequently, when a state actor makes allegations that merely damage a person's reputation, no federally protected liberty interest has been implicated." *Doe v. Purdue Univ.*, 464 F. Supp. 3d 989, 1001 (N.D. Ind. 2020).

had any personal involvement in these events. Additionally, an Indiana police department cannot be sued for constitutional violations.[5] *See* IND. CODE § 36-1-2-10; IND. CODE § 36-1-2-23; *Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011).

Johnson may be trying to sue one or more of the defendants under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). A *Monell* claim against the former state official is unavailing, because *Monell* applies to municipal actors. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989). Municipal officials may be held liable under *Monell* only if the unconstitutional acts of their employees "were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). The purpose of this requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Thus, to allege a viable *Monell* claim, the plaintiff must identify an official municipal policy that caused him injury. *Grieveson*, 538 F.3d at 771. Alternatively, a plaintiff pursuing an official custom theory "must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017).

Johnson does not satisfy these standards. First, *Monell* requires an underlying constitutional violation by a municipal employee, and at present Johnson has not plausibly alleged one. *See Petty v. City of Chicago*, 754 F.3d 416, 424–25 (7th Cir. 2014).

---

[5] It appears he meant to sue the Fort Wayne Police Department, as there is no such entity as the "Allen County Police Department."

Second, it cannot be discerned from his complaint what the unlawful policy was that allegedly caused him injury. His vague allegations about a "Code of Silence" do not suffice. *Swanson*, 614 F.3d at 403. Because he does not clearly describe the policy at issue, the court cannot discern whether a *Monell* claim is barred by *Heck* due to his outstanding convictions.

Therefore, the complaint does not state a claim for relief. "[L]itigants in this circuit are ordinarily given the chance to amend their pleadings once as a matter of course" before a case is dismissed. *Newson v. Superior Ct. of Pima Cnty.*, 784 F. App'x 964, 965 (7th Cir. 2019); *see also Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013). Johnson will be given an opportunity to file an amended complaint before the case is dismissed.

For these reasons, the court:

(1) **GRANTS** the plaintiff until **November 24, 2025**, to file an amended complaint; and

(2) **CAUTIONS** him that if he does not file an amended complaint, this case is subject to dismissal under 28 U.S.C. § 1915A.

                            **SO ORDERED.**

Date: October 23, 2025

                            s/James T. Moody
                            JUDGE JAMES T. MOODY
                            UNITED STATES DISTRICT COURT