UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

**DETRICK JOHNSON,**

    **Plaintiff,**

    v.                                                                 No. 3:25 CV 650

**OFFICER NEWELL,**

    **Defendant.**

## OPINION and ORDER

Detrick Johnson, a prisoner without counsel, filed an amended complaint asserting constitutional violations under 42 U.S.C. § 1983. (DE # 10.) The court determined that his original complaint did not state a claim for relief and was subject to dismissal under 28 U.S.C. § 1915A, but gave him an opportunity to replead before the case was dismissed. (DE # 9.) He responded with the present pleading.

As a preliminary matter, Johnson did not use the court's approved complaint form for prisoner civil rights cases, nor does his filing track the complaint form.[1] *See* N.D. Ind. L.R. 7-6 (court can require litigants representing themselves to use Clerk-supplied complaint forms when available). Instead his filing reads more like a letter, which has made the task of parsing his allegations more difficult. However, because the crux of his claims are discernible from this document, the court will proceed to screen the amended complaint as drafted.

---

[1] He is evidently familiar with the form because he used it to prepare his original complaint. (DE # 2.)

Pursuant to 28 U.S.C. § 1915A, the court must screen the amended complaint and dismiss it if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Johnson is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Johnson is incarcerated at Westville Correctional Facility serving a sentence for a drug offense in Allen County.[2] *State v. Johnson,* No. 02D04-2310-F2-000060 (Allen Sup. Ct. closed Mar. 21, 2025). Public records reflect (and Johnson acknowledges) that the charge resulted from an emergency call he made to police after his wife was shot inside their home. *Id.* (probable cause affidavit dated Oct. 10, 2023). When police responded, they discovered fentanyl, a digital scale, and other evidence of drug-trafficking in the home. *Id.* As a result, Johnson was charged with dealing in a narcotic drug. *Id.*

While he was out on bond in the criminal case, he claims to have interacted with Officer Newell (first name unknown), a Fort Wayne police officer. As best as can be discerned, Officer Newell responded to a call a few blocks from Johnson's home and

---

[2] The court is permitted to take judicial notice of public records at the pleading stage. *See* FED. R. EVID. 201; *Tobey v. Chibucos*, 890 F.3d 634, 647 (7th Cir. 2018).

saw Johnson standing outside. The officer allegedly asked him, "Do you remember me?" and asked him what happened in the drug case.[3] Johnson had no wish to talk to the officer and found the situation uncomfortable. Johnson later got a job at a sandwich shop, and Officer Newell came in a few times to get lunch. The officer allegedly greeted Johnson by name "like we were long time friends," which Johnson found embarrassing. The officer also allegedly smirked and referred to Johnson as a "suspect" and a "drug dealer" while in the sandwich shop. This made Johnson feel foolish in front of his coworkers.

Johnson subsequently pled guilty to the drug-dealing offense and was sentenced to a term of four years in prison. *Johnson*, No. 02D04-2310-F2-000060. He claims that he is innocent and that the drugs belonged to someone else living in the household. He claims he only pled guilty because the pending charge was causing stress on his family. He further asserts that he was "framed without proof," and that there is a "Code of Silence" among officers, judges, and prosecutors in Allen County to "ensure that the not guilty get found guilty." He seeks monetary damages and for Officer Newell to be fired from his job.

---

[3] He does not clearly explain how Officer Newell knew him, but public records reflect that he has had many interactions with police in recent years. At the time of his arrest, he had prior convictions in Allen County for carrying a handgun and traffic-related offenses, as well as ordinance violations. *State v. Johnson,* No. 02D05-2006-F5-000211 (Allen Sup. Ct. closed Dec. 2, 2020); *State v. Johnson,* No. 02D04-0210-CM-008173 (Allen Sup. Ct. closed June 9, 2020); *State v. Johnson,* No. 02D04-0210-CM-007592 (Allen Sup. Ct. closed June 9, 2020); *State v. Johnson,* 02D04-9903-CM-002089 (Allen Sup. Ct. closed June 9, 2020); *State v. Johnson*, 02D04-0208-IF-011821 (Allen Sup. Ct. closed Oct. 15, 2021). He also had convictions in a neighboring county for resisting law enforcement, operating a vehicle while intoxicated, and reckless driving. *State v. Johnson*, 35D01-2203-F6-000095 (Huntington Sup. Ct. closed Nov. 7, 2022).

Johnson cannot challenge his state drug conviction in an action brought under 42 U.S.C. § 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973). Such relief, to the extent it is available to him, can only be sought through the federal habeas corpus statute. 28 U.S.C. § 2254. He also cannot pursue a claim for damages in a civil suit based on a theory that his drug conviction is invalid. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Hoard v. Reddy*, 175 F.3d 531, 532–33 (7th Cir. 1999) (holding that *Heck* "forbids a convicted person to seek damages on any theory that implies that his conviction was invalid without first getting the conviction set aside"). His allegations about being "framed without proof," pleading guilty even though he is innocent, and being subjected to a conspiracy aimed at imprisoning people even though they committed no crime fall into this category. Such claims cannot be brought unless and until Johnson's conviction is set aside.

A Fourth Amendment claim against police for misconduct during an arrest, such as the use of excessive force or an arrest without probable cause, is not necessarily barred by *Heck*. *Mordi v. Zeigler*, 870 F.3d 703, 707 (7th Cir. 2017); *Evans v. Poskon*, 603 F.3d 362 (7th Cir. 2010). However, it does not appear that Officer Newell was the officer who arrested him for the drug-dealing offense, and in fact, it is not clear from his allegations that the officer was even present when he was arrested. Johnson also does not dispute that police found drugs in his home; he merely disclaims ownership of them. He has not stated a plausible false arrest claim against Officer Newell, who is the only named defendant. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("putting a few words on paper that, in the hands of an imaginative reader, *might*

4

suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim). His allegations about the interactions he had with Officer Newell while he was out on bond do not implicate the Fourth Amendment, which protects against unlawful searches and seizures. U.S. Const. amend. IV.

If he is trying to assert a claim against Officer Newell for reputational injury under the Fourteenth Amendment, "an individual has no cognizable liberty interest in his reputation; consequently, when a state actor makes allegations that merely damage a person's reputation, no federally protected liberty interest has been implicated." *Doe v. Purdue Univ.*, 464 F. Supp. 3d 989, 1001 (N.D. Ind. 2020); *see also Paul v. Davis*, 424 U.S. 693, 712 (1976) (observing that "the interest in reputation . . . is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law"). There is no indication from the amended complaint that Officer Newell's offhand comments led to a deprivation of liberty or otherwise altered Johnson's legal status. *See Paul*, 424 U.S. at 711-12. It may have been better for the officer to have avoided interacting with Johnson, but "mere failure . . . to choose the best course of action does not amount to a constitutional violation." *Peate v. McCann*, 294 F.3d 879, 882 (7th Cir. 2002).

Therefore, his amended complaint does not state a claim for relief. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory

5

motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* (citation omitted). Johnson was given a chance to replead after the initial screening order, and his allegations against Officer Newell are substantively the same as those contained in his earlier pleading. The court finds no basis to conclude that if given another opportunity, he is likely to assert a plausible constitutional claim, consistent with what he has already alleged.

For these reasons, the court **DISMISSES** this action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted, and **DIRECTS** the Clerk to close the case.

**SO ORDERED.**

Date: December 3, 2025

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT